## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**A.T.** and **O.T.** individually and on behalf of **A.T.**,

Plaintiffs,

v.

**FREEHOLD REGIONAL HIGH SCHOOL DISTRICT BOARD OF EDUCATION**,

Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:

Civil Action No. 24-822 (ZNQ) (JTQ)

**MEMORANDUM OPINION**

**AND ORDER**

This decision resolves Defendant Freehold Regional School District's ("Defendant") Motion to Compel Medical Records and an Independent Medical Examination of Student A.T. ("A.T."), as well as Defendant's Supplemental Motion "to extend the dates for the IME." ECF Nos. 54, 62. The Court has reviewed the Parties' submissions and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, the Court denies Defendant's Motion for independent medical examinations and grants Defendant's motion for the production of HIPPA releases.

### I.    BACKGROUND[1]

---

[1] The following facts are taken from Plaintiff's Amended Complaint, ECF No. 15 ("Am. Compl."), unless otherwise indicated, and are assumed true for the purposes of this decision.

1

Plaintiffs O.T. and A.T. (the "Parents") bring suit on behalf of their child A.T.[2] (collectively, "Plaintiffs"), who has been diagnosed with autism spectrum disorder, receptive-expressive language disorder, social communication disorder, spinal-cord malformations, and immune dysfunction. Am. Compl. ¶ 1. The Parents are Albanian immigrants whose native language is Albanian. *Id.* ¶ 2.  Due to A.T.'s conditions, he is entitled to special education services including an individualized education program ("IEP"). *Id.* ¶¶ 3-4.  Plaintiffs allege not only that Defendant has failed to consistently implement A.T.'s IEP, but also that Defendant has discriminated against A.T. based on his disability and against the Parents due to their national origin. *Id.* ¶¶ 5, 11, 69.

On August 8, 2025, Defendant filed the instant application to compel A.T. to undergo independent medical examinations ("IMEs") before an orthopedic surgeon and immunologist, as well as compel Plaintiffs to provide HIPPA releases for A.T.'s medical records. ECF No. 54. Plaintiffs objected to the application on August 19, 2025. ECF No. 57. In its reply papers, filed August 20, 2025, Defendant indicated that it would stay its request for IMEs pending review of the documents secured by Plaintiffs' HIPPA releases (if the Court were to grant that application). ECF No. 59. However, despite this representation, Defendant filed a supplemental motion on October 17, 2025 solely to extend the dates of the requested examinations. ECF No. 62. The Court addresses the merits of both applications.

---

[2] At the time this action was filed, A.T. was a minor, but he has since passed the age of eighteen.

2

## II.   LEGAL STANDARD

### a.  Motion to Compel an IME Under Rule 35

Pursuant to the plain language of Fed. R. Civ. P. 35(a), a court may compel an IME when a party places their mental or physical condition in controversy and upon a showing of good cause for the examination. A party's mental or physical condition is in controversy where there is:

> (1)   a cause of action for intentional or negligent infliction of emotional distress;
> (2)   an allegation of a specific mental or psychiatric injury or disorder;
> (3)   a claim of unusually severe emotional distress;
> (4)   plaintiff's offer of expert testimony to support a claim of emotional distress; and/or
> (5)   plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Gross-Quatrone v. Mizdol*, 2022 U.S. Dist. LEXIS 14824, at *6 (D.N.J. Jan. 27, 2022) (citing *Kuminka v. Atlantic County N.J.*, 551 F. App'x 27, 29 (3d Cir. 2014)).

There is good cause for an IME when "the examination could adduce specific facts relevant to the cause of action and is necessary to the defendant's case." *Womack v. Stevens Transp., Inc.*, 205 F.R.D. 445, 447 (E.D. Pa. 2001). In determining whether good cause exists, courts "must weigh the relevance of the information sought, the need to 'preserve the equal footing of the parties' with respect to their ability to evaluate one party's mental condition, and the availability of such information from other sources." *Gross-Quatrone*, 2022 U.S. Dist. LEXIS 232452, at *9 (quoting *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964)).

3

### b. Motion to Compel HIPPA Releases under Rule 37

Pursuant to Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Rule 26 is to be construed liberally in favor of disclosure, as relevance is a broader inquiry at the discovery stage than at the trial stage. *Tele–Radio Sys. Ltd. v. De Forest Elecs., Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981). Generally, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted," *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000), provided the discovery is "proportional to the needs of the case," Fed. R. Civ. P. 26(b)(1). A Court "must limit the frequency or extent of discovery otherwise allowed" if it concludes that: (1) the discovery sought is cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1). *See* Fed. R. Civ. P. 26(b)(2)(B).

Rule 37 allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a discovery request. Fed. R. Civ. P. 37(a).

4

Ultimately, it is within the discretion of the Court to grant a motion to compel discovery. *In re Cendant Corp. Sec. Litig.,* 343 F.3d 658, 661 (3d Cir. 2003).

### III.    ANALYSIS

#### a.  Motion to Compel HIPPA Releases

Defendant asks that the Court compel Plaintiffs to provide HIPPA releases to allow Defendant to secure A.T.'s medical records "arising from the diagnosis and treatment of [ ] A.T.'s alleged spinal-cord malformation and immune disfunction." ECF No. 54-1 ("Mov. Br.") at 6.  Defendant argues that these medical records are relevant due to Plaintiffs' claims under the Americans with Disabilities Act ("ADA") and allegations that "staff frequently reprimanded [ ] A.T. for not completing his school work when he experienced physical pain due to his spinal-cord malformations and related issues." Am. Compl. ¶ 81. Defendant also points to Plaintiffs' damages claim for all past and future medical-related expenses.

In opposition to Defendant's request, Plaintiffs merely indicate that they desire to continue to negotiate the terms and language of the HIPPA release and argue that Defendant's request is premature.

Months have passed since the filing of this motion and there is no indication that any continued negotiations have been successful. Defendant has a right to obtain the information necessary regarding the scope and severity of A.T.'s conditions to defend against Plaintiffs' claims and try to evaluate any damages calculation. A.T.'s medical history is clearly relevant to this action as Plaintiffs allege discrimination on the basis of disability and bring claims under the ADA. *EEOC v. Princeton Healthcare*

*Sys.*, 2012 U.S. Dist. LEXIS 65115, at \*58 (D.N.J. May 9, 2012) (compelling a plaintiff to produce his medical records because "in an action under the ADA, a plaintiff's medical history is relevant in its entirety.") (internal quotation marks omitted). Significantly, Plaintiffs do not contest relevance, nor do they identify any specific language in the HIPAA releases that they take issue with. Defendant has been sued in federal court and is entitled to this relevant discovery. Fed. R. Civ. P. 26(b)(1). Accordingly, Defendant's motion to compel Plaintiffs to produce HIPPA releases pertaining to diagnosis and treatment of A.T.'s alleged spinal-cord malformation and immune disfunction is granted.

### b. Motion to Compel IME

Defendant also seeks to compel A.T. to undergo two separate IMEs: one before Orthopedic Surgeon, Dr. Joseph R. Zerbo; and another before Immunologist, Dr. Jeffrey Weiss. Defendant asserts that by raising claims under the ADA and by seeking damages for not only, general pain and suffering but past and future medical and medical related expenses, Plaintiffs have placed A.T.s physical conditions in controversy. Defendant further contends that good cause exists for the examinations because it is otherwise unable to determine the scope of A.T.'s medical conditions as Plaintiffs have refused to provide HIPPA releases to Defendant.

Plaintiffs object on multiple grounds, arguing that Defendant has failed to establish good cause[3] for an IME since: (1) A.T. has never seen an orthopedic surgeon

---

[3] Plaintiffs do not appear to contest that A.T.'s medical conditions, as specified in the Amended Complaint, are in controversy, only that the examinations sought by Defendant are not relevant to A.T.'s actual conditions and thus, his claims.

6

nor an immunologist for his conditions; (2) the IMEs sought do not address the conditions that are in controversy; (3) the request for an IME "is irrelevant, is not made in good faith, and is unduly burdensome;" and (4) Defendant can obtain the information sought through other means. ECF No. 59 ("Opp. Br.") at 6.

Although it is evident that Plaintiffs have placed A.T.'s spinal malformations and immune dysfunction in controversy, which Plaintiffs do not contest, the Court finds Defendant's request premature. Defendant has not yet demonstrated that the requested examinations are relevant to either A.T.'s claims or medical conditions, *i.e.*, A.T.'s spinal malformations and immune dysfunction. This is particularly acute here given the Plaintiffs' representations that A.T. has never even been examined by an orthopedic surgeon or immunologist for treatment. That alone suggests that the IMEs requested may have little relevance to A.T.'s medical conditions or this litigation.

Furthermore, it is unclear whether an IME is necessary at all as Defendant has yet to review A.T.'s medical records. Upon such review, Defendant may find itself already in possession of any information it may require. After proper review of the medical records, Defendant is welcome to renew its application, should Defendant deem appropriate. For these reasons, Defendant's motion to compel the two IMEs is denied without prejudice.

## IV.   CONCLUSION AND ORDER

Having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78 and for the reasons set forth above;

**IT IS** on this 20th day of March 2026

**ORDERED** that Defendant's Motion to Compel an Independent Medical Examination of A.T. (ECF Nos. 54, 62) is DENIED without prejudice; and it is further

**ORDERED** that Defendant's Motions to Compel Medical Records (ECF Nos. 54, 62) is GRANTED; and it is further

**ORDERED** that Plaintiffs produce HIPPA releases that allow Defendant to secure all medical records, pertaining to diagnosis and treatment of Student A.T.'s alleged spinal-cord malformation and immune disfunction; and it is

**ORDERED** that the Clerk is to terminate ECF Nos. 54 and 62.

s/ *Justin T. Quinn*
Hon. Justin T. Quinn,
United States Magistrate Judge

8